IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GREEN, <br> 13 Columbia Road <br> Valley City, Ohio 44280 | ) <br> ) <br> ) <br> ) | CASE NO. 1:20-cv-1886 <br><br> JUDGE: |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) <br> ) <br> ) | |
| NBN POWDER PACKAGING, LLC <br> c/o Lance R. Neuschaefer <br> 376 Carol Lane <br> Elyria, Ohio 44035 | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

Plaintiffs Christopher Green, by and through undersigned counsel, brings this Complaint against Defendant NBN Powder Packaging, LLC, and in support of his claims, states as follows:

### INTRODUCTION

1. Plaintiff Christopher Green is a resident of the Valley City, county of Medina, and state of Ohio.

2. Defendant NBN Powder Packaging, LLC ("NBN") is an Ohio corporation with its principal place of business in the city of Elyria, county of Lorain, state of Ohio.

3. NBN is, and at all times material herein was, engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

4. NBN is, and at all times material herein was, an enterprise engaged in commerce or in the production of goods for commerce.

5. NBN has, and at all times material herein had, employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

6. NBN is, and at all times material herein was, an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

7. NBN is, and at all times material herein was, an enterprise whose annual gross volume of sales made or business done is not less than $150,000.

8. NBN is, and at all times material herein was, subject to the provisions of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03, which require employers to compensate employees a minimum wage, and compensate employees who work in excess of forty hours in one workweek at a rate of one and one-half times the employees' normal wage rate.

9. At all times material herein, Green was an individually covered employee pursuant to 29 U.S.C. § 207(a)(1), in that he was engaged in commerce.

10. At all times material herein, NBN was Green's employer pursuant to Ohio Rev. Code § 4111 *et seq*.

11. At all times material herein, NBN was Green's employers pursuant to 29 U.S.C. § 203(d).

12. Jurisdiction is proper over NBN pursuant to 28 U.S.C. § 1331 in that Green is alleging federal law claims arising under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

13. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, including the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), over which this Court maintains supplemental jurisdiction.

14. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which NBN operates and conducts business.

## FACTUAL ALLEGATIONS

15. NBN employed Green as a Foreman from February 2017 until it unlawfully terminated Green's employment on March 27, 2020.

16. While Green held the title of Foreman, Green's actual job duties were akin to that of a general laborer, including operating a tow motor and performing manual labor on behalf of NBN.

17. Upon the commencement of Green's employment with NBN, Green was misclassified as an independent contractor and issued Green 1099 information returns under Title 26, section 6724(d)(1)(A) of the Internal Revenue Service ("IRS") Code.

18. NBN has a pattern and practice of willfully misclassifying employees as independent contractors in an effort to deny employees, including Green, health and workers' compensation insurance, vacation, holiday and sick pay, contributions to retirement plans, and eligibility for unemployment benefits.

19. By misclassifying Green and others as independent contractors, NBN has failed to pay legally required taxes to both the United States and the state of Ohio.

20. Green was misclassified as an independent contractor under the FLSA.

21. Green was, as a matter of economic reality, dependent on NBN.

22. Green was paid on a fixed basis throughout his employment at NBN and had no opportunity for profit or loss depending on his work skills.

23. Green's various duties as Foreman were an integral part of NBN's business.

24. Green provided no equipment or facility space of his own and was entirely reliant on NBN to provide any equipment or facility space.

25. NBN exercised significant control over Green throughout his employment, including over Green's work schedule, manner of duties performed, and work performance.

26. NBN was aware that it was misclassifying Green as an independent contractor and insisted that at some point in the future, it would properly classify Green as an employee and pay him through a W2.

27. From the start of his employment with NBN until approximately May 2018, Green was paid on a fixed basis of $375 per week.

28. From approximately August 2017 until May 2018, due to the amount of hours Green was consistently working, Green was paid less than the minimum wage as required by the OMFWSA.

29. Throughout his employment with NBN, Green was non-exempt for the purposes of Ohio Rev. Code § 4111, *et seq.* and 29 U.S.C. § 200 *et seq*.

30. From approximately August 2017 until August 2019, Green consistently worked in excess of forty (40) hours in a workweek.

31. Throughout his employment, NBN failed to pay Green any overtime wages.

### COUNT I – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT

32. From August 2017 to May 2018, NBN did not pay Green at least minimum wages.

33. By not paying Green proper minimum wages for time worked, NBN has violated the OMFWSA.

34. As a result of NBN's violations, Green is entitled to damages, including, but not limited to, unpaid minimum wages, costs, and attorney's fees.

## COUNT II – FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. NBN is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

36. The FLSA, 29 U.S.C. § 207, requires covered employers like NBN to pay non-exempt employees like Green no less than one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

37. From August 2017 until August 2019, Green regularly worked more than forty (40) hours per week for NBN, but NBN did not properly compensate him for all of his overtime hours as required by the FLSA.

38. NBN has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Green.

39. NBN knew Green worked overtime without proper compensation, and it willfully failed and refused to pay Green wages at the required overtime rate pursuant to 29 U.S.C. § 255.

40. NBN's willful failure and refusal to pay Green overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

41. As the direct and proximate result of NBN's unlawful conduct, Green has suffered and will continue to suffer a loss of income and other damages.

42. Green is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## COUNT III – FAILURE TO PAY OVERTIME IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT

43. Green worked more than forty (40) hours in one or more workweeks.

44. From August 2017 to August 2019, NBN did not pay Green at least one and a half times his normal hourly rate for time worked in excess of forty (40) per workweek.

45. By not paying Green proper overtime wages for time worked in excess of forty (40) per workweek, NBN has violated the OMFWSA.

46. As a result of NBN's violations, Green is entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff Christopher Green prays for all the following relief:

A. Unpaid overtime wage pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and OMFWSA and supporting regulations;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and the OMFWSA

C. An award of unpaid minimum wages under the OMFWSA;

D. Liquidated damages under Ohio Rev. Code § 4113.15;

E. An award of any pre-judgment and post-judgment interest.

F. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

G. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

*Attorney for Plaintiff Christopher Green*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

>                                /s/ *Sean H. Sobel*
>                                Sean H. Sobel (0086905)